IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| Progressive Southeastern Insurance Company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) **C.A. 5:20-cv-36** |
| v. | )<br>) |
| | ) **COMPLAINT FOR** |
| Affordable Source Trucking, LLC, Maurice Marcel Mason, I-77 Mobility Partners, LLC, Chambers Express Trucking, Inc., Employers Mutual Casualty Company, Sugar Creek Construction, LLC, North Carolina Department of Transportation | ) **DECLARATORY RELIEF**<br>)<br>)<br>)<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

Plaintiff, Progressive Southeastern Insurance Company, by and through its undersigned attorneys, complaining of the Defendants herein, seeks a declaratory judgment from this Honorable Court as set forth below.

## PARTIES AND JURISDICTION

1. Progressive Southeastern Insurance Company ("Progressive") is a corporation organized under the laws of the State of Indiana with its principal place of business in Ohio.

2. Affordable Source Trucking, LLC. ("Affordable Trucking") is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina and may be served with process via its registered agent, Jeffrey Mitchell, located at 4822 Autumn Oak Drive, Charlotte, North Carolina 28269.

3. Affordable Trucking's sole member is Jeffrey Mitchell, who is a citizen and resident of Mecklenburg County, North Carolina.

{00226850-3}　　　　　　　　　　　1

4. Maurice Marcel Mason ("Mason") is a citizen and resident of Mecklenburg County, North Carolina.

5. I-77 Mobility Partners, LLC ("I-77 Partners") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of North Carolina and may be served with process via its Chief Executive Officer, Javier Tamargo, located at 8015 W. W.T. Harris Blvd., Charlotte, North Carolina 28216.

6. No member of I-77 Partners is a resident and citizen of either Indiana or Ohio.

7. Chambers Express Trucking, Inc. ("Chambers Trucking") is a corporation organized under the laws of the State of North Carolina with its principal place of business in North Carolina and may be served via its registered agent, Marvin Chambers, located at 2132 Bluebonnet Lane, Matthews, North Carolina 28104.

8. Employers Mutual Casualty Company ("EMC") is a corporation organized under the laws of the State of Iowa with its principal place of business in Iowa and may be served via its registered agent, Todd A. Strother, located at 717 Mulberry Street, Des Moines, IA 50309.

9. Sugar Creek Construction, LLC ("Sugar Creek") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of North Carolina and may be served with process via its Chief Executive Officer, Carlos Queiroz, located at 6135 Lakeview Road, Suite 250, Charlotte, North Carolina 28269.

10. No member of Sugar Creek is a resident and citizen of either Indiana or Ohio.

11. North Carolina Department of Transportation ("NCDOT") is an agency of the State of North Carolina and may be served with process via its process agent located at Transportation Building, 1 S. Wilmington Street, Raleigh, North Carolina 27601.

12. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

13. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

14. Venue is proper in this District pursuant to §1391(b)(2), because this district is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

15. On or about May 12, 2017, in or about Mooresville, North Carolina, Mason was operating a 1990 Ford T84 dump truck (VIN No. 1FDYU82AOLVA29545) ("the Vehicle") on Interstate 77 with the dump bed in the upright position when he struck an electronic NCDOT sign that stretched over the interstate ("the Accident").

16. Upon information and belief, the Vehicle was owned by Affordable Trucking at the time of the Accident.

17. Upon information and belief, at the time of the Accident, Mason was not an employee of Affordable Trucking.

18. As a result of the Accident, portions of Interstate 77 were shut down for approximately ten (10) hours to remove the damaged sign and support structure.

19. Upon information and belief, the portion of Interstate 77 affected by the Accident and subsequent shutdown was part of a larger highway construction project involving NCDOT and I-77 Partners ("the HOT Lanes Project").

20. Upon information and belief, NCDOT and I-77 Partners entered into a written contract in relation to the HOT Lanes Project ("the Prime Contract").

21. Upon information and belief, the Prime Contract provided for "liquidated damages" in the amount of $12,500.00 per each fifteen-minute period of unscheduled lane closure between the hours of 10:00 p.m. and 5:00 a.m. for the area affected by the HOT Lanes Project.

22. Upon information and belief, I-77 Partners contracted with Sugar Creek as general contractor to perform aspects of the HOT Lanes Project pursuant to a written contract dated June 26, 2014 ("the Design-Build Contract").

23. Upon information and belief, Sugar Creek entered into a written contract with Chambers Trucking dated April 3, 2017 under which Chambers Trucking would haul aggregates and rip-rap and provide other trucking needs in relation to the HOT Lanes Project ("the Trucking Subcontract Agreement").

24. Upon information and belief, Chambers Trucking and Affordable Trucking reached a non-written arrangement whereby Affordable Trucking would provide equipment and/or employees to Chambers Trucking for use on the HOT Lanes Project.

25. Upon information and belief, NCDOT, pursuant to the liquidated damages provision of the Prime Contract, assessed a fine in an amount exceeding $75,000.00 against I-77 Partners for the unscheduled shutdown of Interstate 77 following the Accident.

26. Upon information and belief, I-77 Partners, in turn, withheld an equivalent amount from payments otherwise owed to Sugar Creek pursuant to the Design-Build Contract.

27. Sugar Creek has made claims against Chambers Trucking seeking indemnification and reimbursement of the fines assessed against it as more fully set forth in an

{00226850-3}    4

Case 5:20-cv-00036-KDB-DSC   Document 1   Filed 03/19/20   Page 4 of 10

action currently pending in the Superior Court for Mecklenburg County captioned *Sugar Creek Construction, LLC v. Chambers Express Trucking, Inc.*, 20-CVS-486 ("the Sugar Creek Lawsuit").

28. At the time of the Accident, Defendant Affordable Trucking was insured under a Commercial Auto Policy issued by Progressive to Affordable Trucking (Policy No. 03232028-3) (hereinafter "the Progressive Policy") with effective dates of February 9, 2017 to February 9, 2018 and having combined single liability limits of $1,000,000.00. A true and accurate copy of the Progressive Policy, its endorsements, and its declaration pages is attached to this Complaint as **Exhibit A**.

29. Upon information and belief, the Vehicle was specifically listed on the Declarations Page to the Progressive Policy.

30. The terms of the Progressive Policy provide:

**GENERAL DEFINITIONS**

**3. "Bodily injury" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.**

**6. "Insured contract" means:**

**\* \* \***

**e.  That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability that is vicariously imposed on another for your negligence or that of your employees or agents . . . .**

**An "insured contract" does not include that part of any contract or agreement:**

**\* \* \***
**3.  That holds a person or organization engaged in the business of transporting property by auto for hire harmless for your use of an insured auto over a route or territory that person or organization is authorized to serve by public authority.**

**12. "Property damage" means physical damage to, destruction of, or loss of use of, tangible property.**

## PART I—LIABILITY TO OTHERS

### INSURING AGREEMENT—LIABILITY TO OTHERS

**Subject to the Limits of Liability, if you pay for the premium for liability coverage for the insured auto involved, we will pay damages, other than punitive or exemplary damages, for bodily injury, property damage, and covered pollution cost or expense, for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that insured auto. . . .**

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

**A. When used in Part I—Liability to Others, insured means:**
  1. **You with respect to an insured auto.**
  2. **Any person while using, with your permission, and within the scope of that permission, an insured auto you own, hire, or borrow except:**
     **. . .**
     **For purposes of this subsection A.2., an insured auto you own includes any auto specifically described on the declarations page.**
  3. **Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I—Liability to Others**

31. The terms of the Progressive Policy provide coverage under Part I—Liability to Others, subject to certain exclusions. The Progressive Policy provides as follows:

> **EXCLUSIONS—PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I—LIABILITY TO OTHERS.**
>
> **Coverage under this Part I, including our duty to defend, does not apply to:**
>
> **2.    Contractual**
>
> **Any liability assumed by an insured under any contract or agreement, unless the agreement is an insured contract that was executed prior to the occurrence of any bodily injury or property damage.**
>
> **However, this exclusion does not apply to liability for damages that an insured would have in the absence of the contract or agreement.**

32. The Progressive Policy further contains a Commercial General Liability Endorsement. However, it contains an owned-auto exclusion, which provides:

> **Coverage under Coverage A (Bodily Injury and Property Damage Liability) does not apply to:**
>
> **f.**    **Aircraft, Auto, or Watercraft**
>
> **Bodily injury or property damage arising out of:**
> **(1) The ownership, maintenance, use, or entrustment to others of any aircraft, auto, or watercraft owned or operated by or rented, leased or loaned to any insured; or**
> **(2) Any auto you do not own, lease, hire, rent or borrow that is used in connection with your business.**
>
> **Use includes operation and loading and unloading.**

33. The Progressive Policy also contains an endorsement entitled Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980 (the "MCS-90"), which provides, in relevant part, as follows:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance, or use of motor vehicle subject to financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course and scope of their employment, or property transported by the insured, designated as cargo.

### FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

34. Progressive restates the foregoing allegations of this Complaint and incorporates the same herein by reference.

35. The Commercial General Liability Endorsement to the Progressive Policy affords no coverage for the Accident, including but not limited to the fine assessed by NCDOT, because the owned-auto exclusion applies.

36. The Progressive Policy does not provide coverage for the fine assessed by NCDOT because the fine does not constitute "bodily injury," "property damage," or "covered pollution cost or expense" as those terms are defined by the Progressive Policy.

37. The Progressive Policy does not provide coverage for the fine assessed by NCDOT because any agreement between Affordable Trucking and Chambers Trucking does not constitute an "insured contract" as that term is defined by the Progressive Policy.

38. The Progressive Policy does not provide coverage for the fine assessed by the NCDOT because the fine does not constitute "tort liability that is vicariously imposed on another for [the Insured's] negligence or that of [the Insured's] employees or agents."

39. The Progressive Policy does not provide coverage for the fine assessed by the NCDOT because the fine does not constitute "liability for damages that an insured would have in the absence of the contract or agreement."

40. The Progressive Policy does not provide coverage for the fine assessed by the NCDOT because the fine constitutes a penalty which is not enforceable against any entity.

41. Progressive owes no duty under the Progressive Policy to defend any individual or entity in relation to the fine assessed by the NCDOT.

42. Progressive owes no duty under the Progressive Policy to indemnify any individual or entity in relation to the fine assessed by the NCDOT.

43. The Progressive Policy does not require Progressive to defend any individual or entity in relation to the Sugar Creek Lawsuit or any future-filed lawsuit seeking damages in relation to the fine assessed by NCDOT.

44. The Progressive Policy does not require Progressive to indemnify any individual or entity in relation to the Sugar Creek Lawsuit or any future-filed lawsuit seeking damages in relation to the fine assessed by NCDOT.

45. The MCS-90 is not applicable to any judgment obtained against Affordable Trucking in relation to the fine assessed by NCDOT because the fine does not constitute "public liability" as that term is defined by the applicable federal regulations.

46. The MCS-90 is not applicable to any judgment obtained against Affordable Trucking in relation to the fine assessed by NCDOT because Mason was not engaged in interstate transport of the property of another for hire at the time of the Accident.

47. The MCS-90 does not, by its terms, obligate Progressive to indemnify Affordable Trucking in any future-filed lawsuit arising from the Accident.

48. Progressive is entitled to an Order of this Court holding that:

   a. The Progressive Policy does not afford coverage for any losses relating to the fine assessed by NCDOT under the Prime Contract.

   b. The Progressive Policy does not require Progressive to defend any individual or entity against claims relating to the fine assessed by NCDOT under the Prime Contract.

   c. The Progressive Policy does not require Progressive to indemnify any individual or entity against the fine assessed by NCDOT under the Prime Contract.

d. The MCS-90 does not obligate Progressive to pay any judgment obtained against Affordable Trucking for the fine assessed by the NCDOT under the Prime Contract.

e. The MCS-90 does not obligate Progressive to defend Affordable Trucking in relation to the Sugar Creek Lawsuit or any future-filed lawsuit seeking damages in relation to the fine assessed by NCDOT under the Prime Contract.

WHEREFORE, Progressive prays that the Court enter judgment in its favor as set forth hereinabove and for such other and further relief as is just and proper.

This the 19th day of March, 2020.

/s/ C. Fredric Marcinak (#38331)
C. Fredric Marcinak
Moseley Marcinak Law Group, LLP
PO Box 26148
Greenville, SC 29616
(864) 246-6027
Fred.marcinak@momarlaw.com